NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

JAMES NORMAN ZIEGENFUSS, *Appellant.*

No. 1 CA-CR 17-0181
FILED 6-12-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-136002-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**        James Norman Ziegenfuss appeals his convictions for burglary in the second degree, false reporting to a law enforcement agency and the resulting sentences. Ziegenfuss' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Ziegenfuss had the opportunity to file a supplemental brief but did not do so. Counsel asks this Court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Ziegenfuss' convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        This case involved a Mesa burglary. Victim purchased a trailer to renovate in August 2015. He parked the trailer in a trailer park, storing his tools and supplies inside the cab.

**¶3**        Victim's neighbor saw defendant Ziegenfuss inside the trailer on August 3, 2015. Ziegenfuss was passing items through the trailer's window into a PT Cruiser. Victim had never met Ziegenfuss and never gave him permission to enter the trailer. After loading the items, Ziegenfuss drove away. A neighbor immediately reported the incident to Mesa Police and described Ziegenfuss' vehicle.

**¶4**        Police responded. Officer Christina Wilcox spotted and followed Ziegenfuss in a similar vehicle to the neighbor's description. Ziegenfuss and Wilcox stopped at a red light. Wilcox noticed the back hatch of the PT Cruiser was loaded and unable to close. She also noticed the PT Cruiser had a temporary license plate, but the numbers were unclear. Officer Wilcox conducted a traffic stop. She observed various renovation supplies in the vehicle, including laminate flooring, cans of paint and carpentry tools.

**¶5**        Officer Wilcox asked Ziegenfuss for identification.  He provided a photocopied driver's license, social security card and medical identification card.  The picture on the license did not match Ziegenfuss. The date of birth also appeared to be inaccurate.  Officer Wilcox conducted a pat-down search and found another identification card with the same photograph but a different name and birthdate.

**¶6**        Ziegenfuss was arrested, read his *Miranda* rights and interviewed.  He falsely stated that he owned a company named Built Right Construction and had been working on a trailer he just bought.

**¶7**        Ziegenfuss was charged with one count of burglary in the second degree, a class three felony ("Count 1"), and one count of false reporting to a law enforcement agency, a class one misdemeanor ("Count 2").  He voluntarily waived his right to a jury trial on Count 2 and the court found him guilty.

**¶8**        Ziegenfuss received two jury trials on Count 1.  The jury could not reach a verdict at his first, which lasted five days.  Ziegenfuss asked for permission to represent himself at the second trial and signed a written waiver of his right to counsel.  The court found that Ziegenfuss knowingly, voluntarily and intelligently waived his right to counsel under Rule 6.1(c), Ariz. R. Crim. P., and granted his request to represent himself with the assistance of court-appointed advisory counsel.  The jury found Ziegenfuss guilty on Count 1 at the second trial. The jury also found an aggravating factor that Ziegenfuss committed the offense in anticipation of pecuniary gain and the court found he had four prior felony convictions.  The court sentenced Ziegenfuss to a ten-year term of imprisonment for Count 1 and a concurrent six-month term for Count 2.  Ziegenfuss received 401 days of presentence incarceration credit.

**¶9**        He timely appealed.  We have jurisdiction pursuant to Ariz. Const. art. VI, § 9 and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶10**        We have read and considered counsel's brief and have reviewed the entire record for reversible error.  *See Leon*, 104 Ariz. at 300. We find none.

**¶11**        The record reflects Ziegenfuss received a fair trial. He was represented by counsel at all stages of the proceedings, prior to waiving this right, and was present at all critical stages.

¶12          Before his second trial, Ziegenfuss knowingly, voluntarily and intelligently waived his right to counsel. He still had advisory counsel appointed. The record reflects that the superior court afforded Ziegenfuss all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the court's judgment and jury's verdict. Ziegenfuss' sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

¶13          Ziegenfuss' convictions and sentences are affirmed. Defense counsel's obligations pertaining to Ziegenfuss' representation in this appeal have ended. Counsel need do no more than inform Ziegenfuss of the outcome of this appeal and his future options, unless counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Ziegenfuss has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA